**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **TARA THOMAS** | : | **CIVIL ACTION NO.** _____ |
| | : | |
| **VS.** | : | **JUDGE** _____ |
| | : | |
| **CLEAR BLUE SPECIALTY** | : | |
| **INSURANCE COMPANY** | : | **MAGISTRATE JUDGE**_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

Plaintiff, Tara Thomas, by her undersigned attorneys, allege as follows:

**NATURE OF ACTION**

1.

This is an action by Tara Thomas for damages against her homeowner's insurance company, Clear Blue Specialty Insurance Company (hereinafter referred to as "Clear Blue"), for its failure to pay the full sums owed under its insurance policy resulting from damages to her home caused by Hurricane Laura and Hurricane Delta.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Tara Thomas, is a citizen of the State of Louisiana. Defendant, Clear Blue, is a foreign insurance company domiciled in the State of North Carolina. The unpaid losses due under Defendant's insurance policy exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

**THE PARTIES**

4.

Plaintiff, Tara Thomas ("Thomas"), is an adult resident of Lake Charles, Louisiana.

5.

Defendant, Clear Blue, is a foreign insurance company domiciled in the State of North Carolina and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**FACTUAL ALLEGATIONS**

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 (near category 5) hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 per hour.

8.

At the time of Hurricane Laura, and through the present, Thomas was and still is the owner of the home and property located at 527 Morningside Dr., Lake Charles, Louisiana 70607 ("the home").

9.

As a result of Hurricane Laura, the home sustained extensive damage; the contents and other structures also sustained significant damages.

10.

At the time these damages were sustained due to Hurricane Laura, Thomas had in full force and effect a policy of insurance with Clear Blue providing coverage for all the losses sustained by Thomas to her home, other structures, and contents, as well as for debris removal and additional living expenses.

11.

On August 28, 2020, Thomas reported her losses to Clear Blue resulting from Hurricane Laura and made a claim for payment of those losses.

12.

On September 2, 2020, an adjuster retained and/or employed by Clear Blue inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Thomas' losses caused by Hurricane Laura without any limitations.

13.

On October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana with sustained winds of 100 mph which was 12 miles east of where Hurricane Laura made landfall.

14.

At the time these damages were sustained due to Hurricane Delta, Thomas had in full force and effect a policy of insurance with Clear Blue providing coverage for all the losses sustained by Thomas to her home, other structures, and contents, as well as for debris removal and additional

living expenses.

15.

On October 12, 2020, Thomas reported new and/or additional losses caused by Hurricane Delta to Clear Blue.

16.

On November 19, 2020, and adjuster retained and/or employed by Clear Blue inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Thomas' losses caused by Hurricane Delta without any limitations.

17.

The payments made to date by Clear Blue to Thomas are woefully inadequate to cover the costs to repair to the damages to the home and its other structures, which damages were clearly visible to the adjuster retained and/or employed by Clear Blue at the time of the adjuster's inspection. Because of Clear Blue's failure to adequately tender payments, despite receipt of satisfactory proof of loss of the damages to Thomas' property, Thomas has been forced to live in conditions far below her normal standards, causing her mental anguish.

## CAUSES OF ACTION AND DAMAGES
## A. THE INSURANCE POLICY

18.

Thomas reiterates and incorporates by reference all allegations in Paragraphs 1-17 above.

19.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by Clear Blue.

20.

Thomas is entitled to recover from Clear Blue for the additional sums needed to make full repairs to the home and its other structures in accordance with the insurance coverages Thomas purchased from Clear Blue.

21.

Thomas is also entitled to recover for the unpaid and/or underpaid losses and damages she sustained to the contents of the home, for debris removal, and for additional living expenses in accordance with the insurance coverages Thomas purchased from Clear Blue.

### B. PENALTIES AND ATTORNEY'S FEES

22.

Thomas reiterates and incorporates by reference all allegations in Paragraphs 1-21 above.

23.

Pursuant to Louisiana Revised Statute 22:1892, Clear Blue was required to unconditionally tender payment to Thomas for the undisputed losses caused by Hurricane Laura and Hurricane Delta within 30 days of Clear Blue's receipt of satisfactory proof of loss when its adjuster inspected the home. Clear Blue failed to do so.

24.

La. R.S. 22:1892 further required Clear Blue to re-evaluate Thomas' claim and to tender additional unconditional payments to Thomas each time Clear Blue received additional information concerning the losses sustained by Thomas. Clear Blue failed to do so.

25.

Pursuant to La. R.S. 22:1892, Clear Blue is liable to Thomas for a penalty of 50%, in addition to the amount of the loss, on the amount due from Clear Blue, as well as reasonable

attorney's fees and costs, for Clear Blue's failure to unconditionally tender the amounts owed to Thomas within 30 days after receipt of satisfactory proof of loss and Clear Blue's failure to issue sufficient unconditional tender payments within 30 days of satisfactory proof of loss was arbitrary, capricious, or without probable cause.

26.

Pursuant to La. R.S. 22:1973, Clear Blue is additionally liable to Thomas for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Clear Blue's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Thomas within 60 days after receipt of satisfactory proof of loss and Clear Blue's failure to issue such payments within 60 days was arbitrary, capricious, or without probable cause.

27.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Clear Blue is additionally liable to Thomas for a penalty of the up to two times the actual damages Thomas sustained or five thousand dollars, whichever is greater.

**REQUEST FOR RELIEF**

28.

WHEREFORE, Plaintiff, Tara Thomas, prays that, after due proceedings, there be a judgment rendered herein in Plaintiffs' favor and against Defendant, Clear Blue Specialty Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiffs in accordance

with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

                        Respectfully submitted,
                        **THE TOWNSLEY LAW FIRM, LLP**

BY:    *s/Hannah E. Mayeaux*
        **HANNAH E. MAYEAUX**, La. Bar Roll #39275
        **JORDAN Z. TAYLOR**, La. Bar Roll #35346
        3102 Enterprise Boulevard
        Lake Charles, Louisiana 70601
        Telephone:   (337) 478-1400
        Facsimile:    (337) 478-1577
        Email: hannah@townsleylawfirm.com
               jtaylor@townsleylawfirm.com
        *ATTORNEYS FOR PLAINTIFF, TARA THOMAS*

**PLEASE SERVE**

**CLEAR BLUE SPECIALTY INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LOUISIANA 70809**